LUCK v. ALAMO PRINTING CO. (No. 5697.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1916. Rehearing Denied Dec. 20, 1916.)

1. CORPORATIONS ⬤—33—LIABILITIES—CONTRACTS—NOTICE OF CORPORATE EXISTENCE.

The appearance of the name of an association on the office door with the names of the individuals with whom the representative of plaintiff dealt did not necessarily give notice to plaintiff of a corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. ⬤—33.]

2. SALES ⬤—52(6)—ACTIONS FOR PRICE—EVIDENCE.

In an action for the agreed price for printing and supplies, evidence held to support the jury's finding that the plaintiff, through its agent, dealt with defendant, binding him individually.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 138; Dec. Dig. ⬤—52(6).]

Appeal from Bexar County Court for Civil Cases; Ed H. Wicks, Special Judge.

Action by the Alamo Printing Company against J. J. Luck and others. From a judgment for plaintiff, defendant J. J. Luck appeals. Affirmed.

Williams & Hall, of San Antonio, for appellant. Wm. H. Russell, of San Antonio, for appellee.

SWEARINGEN, J. Appellant was sued, with other defendants, for $193.20, being the agreed price for certain printing and supplies. The county court gave the jury two general instructions, and submitted one special issue, which was:

"Question No. 1. Was any contract made for the printing by plaintiff, the Alamo Printing

Company, through its agent, M. C. Hill, with the defendant J. J. Luck, binding him individually? , Answer yes or no"
—to which the jury answered, "Yes." The court rendered judgment in favor of appellee against defendants, J. J. Luck, E. A. Luck, and Neal Currie, and also against the U. S. Fidelity & Guaranty Company, surety on the appeal bond of the defendant J. J. Luck, for $193.20 and interest at the rate of 6 per cent. from October 19, 1915, together with costs incurred in both the justice and county courts. Appellant J. J. Luck alone appealed.

Appellee made, among others, the following allegation:

"This plaintiff would further show that the defendant J. J. Luck personally bound and obligated himself to pay the account sued on by reason of the fact that prior to the time the said account was made and at the time the prices thereon were submitted to the defendant, J. J. Luck, it was understood and agreed between the parties that the defendant J. J. Luck was to pay for the same."

Appellant, J. J. Luck, filed a plea in bar, wherein he averred as follows:

"He further shows to the court that he never purchased of the plaintiff herein any goods, wares, or merchandise as claimed by plaintiff herein, nor did this defendant ever authorize any one to purchase from plaintiff for him any such goods, wares, or merchandise."

Appellant filed an additional plea which contained a general denial and the following special denial:

"(3) He (J. J. Luck) denies positively that he ever dealt with plaintiff individually in any transaction whatever."

The evidence was conflicting upon the issue made by the pleadings as above indicated. The agent of appellee, Hill, testified:

"That after receiving manuscripts, etc., from E. A. Luck he called at the office in Frost Building over door of which names of Mexico-American Colony Association, E. A. Luck and J. J. Luck appeared; that E. A. Luck was seated at one desk and J. J. Luck at another. After giving prices to E. A. Luck, said E. A. Luck introduced witness to J. J. Luck, stating to witness that said J. J. Luck was his father, and that he desired his father to pass upon the prices, as his father, J. J. Luck, was to do the paying. That witness then handed said prices, etc., to J. J. Luck, who asked E. A. Luck if the prices were in line, and when E. A. Luck said, 'Yes,' that J. J. Luck said, 'All right,' and handed the papers back to witness, who thereupon returned to office of Alamo Printing Company, and the printing was done.

"Joe Naylor, a witness for plaintiff, testified that he took several statements of the account sued on to the office in the Frost Building, and on one occasion handed a statement to J. J. Luck in person, and that J. J. Luck took the statement, and said, 'All right; we will attend to it.' "

[1] The name, Mexico American Colony Association, did not necessarily give appellee notice of a corporation. Appellee had no direct information that it was dealing with a corporation. The articles of incorporation were not filed with the Texas secretary of state, so appellee is not charged with constructive notice of a corporation. The defendants did not

state that they dealt as officers or directors of a corporation. Appellant, Luck, had in fact furnished a large part of the money for the expenses incident to the contemplated business of the association, and had taken the individual notes of defendants Currie and E. A. Luck.

[2] The direct evidence and the corroborative circumstances above mentioned are sufficient to support the jury's answer to the issue submitted. G., H. & S. A. Ry. Co. v. Garrett, 44 Tex. Civ. App. 406, 98 S. W. 932.

No objection was made by appellant to the submission of the issue, and no bill of exceptions taken thereto. Essex v. Mitchell, 183 S. W. 399.

In deference to the jury's verdict, we conclude that the errors of the trial court, if any, assigned by appellant, did not amount to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. Rule 62a (149 S. W. x).

All of appellant's assignments are overruled, and the judgment of the trial court is affirmed.