MOORE et al. v. BELT. (No. 1397.)

(Court of Civil Appeals of Texas. Amarillo.
Oct. 30, 1918.)

1. PRINCIPAL AND SURETY ☞152—RIGHTS OF SURETY.

If the holder of the note sued guaranteeing indorser, alleging that the maker was only an accommodation maker, it was right of the guaranteeing indorser to have the maker made a party for the determination of that issue.

2. BILLS AND NOTES ☞459—ACTIONS—PARTIES.

Notwithstanding a third person received part of the proceeds of a note, he was not a necessary party to an action on the note when his name did not appear on the face of the note.

3. HUSBAND AND WIFE ☞275 — COMMUNITY ESTATE—REMARRIAGE OF WIFE—EFFECT.

Where surviving wife remarried, she could not, under Rev. St. art. 3611, be sued as a representative of the community estate.

4. PLEADING ☞34(2)—GENERAL AND SPECIAL STATEMENTS—WHICH CONTROL.

Where a petition alleged that a debt was created prior to conveyance, but the actual dates showed that it was not, the special allegations controlled the general.

5. FRAUDULENT CONVEYANCES ☞206(1) — WHO MAY COMPLAIN—PRIOR CREDITORS.

Ordinarily, only prior creditors can complain of a fraudulent conveyance.

6. DESCENT AND DISTRIBUTION ☞140—REMEDIES—DEATH OF GRANTOR.

Where debtor, after alleged fraudulent conveyance to his wife, died leaving an insolvent estate, the creditor, without first securing administration upon the debtor's estate and establishing his debt against the estate, could maintain a proceeding against debtor's widow and children to set aside the conveyance, and in such proceeding the debt could be established and ordered paid out of the property.

7. FRAUDULENT CONVEYANCES ☞228 — ATTACHMENT.

In view of Rev. St. art. 240, authorizing attachment only on affidavit that defendant is justly indebted to plaintiff, a creditor of deceased could not maintain attachment against property, in the hands of deceased's widow, alleged to have been fraudulently conveyed to her by deceased during his lifetime.

8. EVIDENCE ☞332(7)—INVENTORY OF ESTATE —ADMISSIBILITY.

In action by creditor to set aside conveyance by deceased to his wife as fraudulent, the inventory of the wife as community administratrix was admissible to show the condition of deceased's estate.

9. FRAUDULENT CONVEYANCES ☞286(1)—EVIDENCE—PAYMENT OF TAXES.

In suit to set aside a fraudulent conveyance, evidence that the grantor paid taxes after the conveyance was not admissible.

10. WITNESSES ☞135 — TRANSACTIONS WITH PERSON SINCE DECEASED.

In creditor's suit after the grantor's death to set aside conveyance as fraudulent, representations made by grantor to plaintiff's agent were admissible, since Rev. St. art. 3690, did not apply.

11. EVIDENCE ☞230(3) — DECLARATIONS BY GRANTOR.

If a deed alleged to have been fraudulent was executed and delivered prior to the date of representations made by the grantor to the plaintiff, evidence as to such representations is not admissible in a suit to set aside conveyance as fraudulent.

12. FRAUDULENT CONVEYANCES ☞206(2) — PRIOR CREDITORS—EFFECT OF HOLDING SECURITY.

If the conveyance alleged to be fraudulent left the grantor's estate insolvent, the mere fact that at the time of the conveyance the creditor held security then of value, which later lost its value, would not prevent the creditor from being classed as a prior creditor within Rev. St. art. 3967.

13. FRAUDULENT CONVEYANCES ☞57(4) — SUBSEQUENT INSOLVENCY.

The question of insolvency is to be determined as of the time of the voluntary conveyance.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by O. C. Belt against Mary Reynolds Moore and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

W. F. Schenck, of Lubbock, for appellants. W. D. Benson, of Flagstaff, Ariz., and Percy Spencer, of Lubbock, for appellee.

BOYCE, J. This suit was brought by appellee, O. C. Belt, on three notes, dated December 1, 1910, executed by R. C. Burns, payable to J. J. Reynolds, and transferred by said Reynolds to appellee Belt under the following indorsement:

"We guarantee the payment of the within note at maturity or on demand at any time after maturity, etc.                [Signed]  J. J. Reynolds."

J. J. Reynolds had died prior to the institution of this suit, and his wife, Mary Reynolds, had married U. G. Moore. She and her said husband and the two minor children of J. J. Reynolds were made parties defendant. R. C. Burns was also made defendant, but plaintiff dismissed the suit as to him. In addition to the allegations as to the execution and transfer of the note above referred to, the petition alleged that J. J. Reynolds, prior to his death and after the creation of

the debt herein sued upon, conveyed his real estate to his wife, Mary Reynolds, on or about the 31st day of August, 1910, for the purpose of defrauding his creditors. It was also alleged that there had been no regular administration on the estate of J. J. Reynolds, deceased, and there was no necessity for one, as he had no separate estate. There was an attachment sued out by plaintiff and levied on part of the real estate conveyed to the said Mary Reynolds. Judgment was entered upon trial of said cause, establishing the debt against J. J. Reynolds, as evidenced by said notes, and decreeing that the deed of conveyance from J. J. Reynolds to Mary Reynolds, dated August 31, 1910, conveying certain property, particularly described, was fraudulent as to the plaintiff, whereupon the attachment lien was foreclosed and said property decreed to be sold in satisfaction of said indebtedness. Many assignments are urged to this action of the court, which we may dispose of by a general discussion.

It appears from the face of the petition that R. C. Burns is the principal obligor, and J. J. Reynolds is secondarily liable, and none of the facts which might, under the provisions of R. S. art. 1843, authorized judgment against the parties secondarily liable, without also securing judgment against the principal, were alleged. Any judgment enforcing liability against those secondarily liable was therefore unauthorized. R. S. arts. 1842, 6336, 6337; Elliot v. First State Bank of Ft. Stockton, 105 Tex. 547, 152 S. W. 808. The plaintiff sought to prove on the trial that R. C. Burns was an accommodation maker, and thus himself only secondarily liable. There was no pleading that would authorize the introduction of such an issue into the case, and a judgment based thereon would be without pleading to support it. Mullaly v. Ivory, 30 S. W. 259, cited with approval by the Supreme Court in the case of Elliot v. First State Bank of Ft. Stockton, supra. The judgment must be, for this reason, reversed.

[1] We are also of the opinion that, if the pleading had alleged that R. C. Burns was an accommodation maker and J. J. Reynolds the principal debtor, the appellant would have had the right to have R. C. Burns made a party to the suit as she sought to do for the purpose of determining this issue. Ft. Worth National Bank v. Daugherty, 81 Tex. 301, 16 S. W. 1028; Hume v. Perry, 136 S. W. 594.

[2] There was some testimony which tended to show that W. D. Benson received a part of the money that had been borrowed on this note and appellant sought to continue the case to make said Benson a party. Although the money may have been borrowed in part for W. D. Benson, and he received the benefit thereof, he could not be sued on the note, since his name appears in no way thereon. Texas Land & Cattle Co. v. Carroll, 63 Tex. 48; Sanger v. Warren, 91 Tex. 472, 44 S. W. 479, 66 Am. St. Rep. 913; Adams v. First National Bank, 178 S. W. 993; Borschow v. Wilson, 190 S. W. 204. He was therefore not a necessary party, since there was no liability as between him and the plaintiff.

[3] We are also inclined to think that the general demurrer to the petition was well taken. Mary Reynolds, the wife of J. J. Reynolds, having married again, could not be sued as the representative of the community estate. R. S. art. 3611; Summerville v. King, 98 Tex. 332, 83 S. W. 682; Wingfield v. Hackney, 95 Tex. 490, 68 S. W. 264. No facts were alleged which would show any personal liability against either the said Mary Reynolds Moore or the minor children of J. J. Reynolds, deceased. So that the only possible relief to which the plaintiff could be entitled was a judgment establishing his debt against J. J. Reynolds, deceased, and directing its enforcement out of the property alleged to have been conveyed in fraud of creditors.

[4, 5] While the petition stated generally that the debt was created prior to the conveyance, the actual dates given show that the conveyance was made some time prior to the creation of the debt. And the particular statement would control the general. Ordinarily, only prior creditors can complain of a fraudulent conveyance. If plaintiff desired to show, as he attempted to do on the trial that the delivery of the deed to the land was not made and the conveyance complete until after the creation of his debt, or that the conveyance made before the creation of the debt came within an exception to the general rule that subsequent creditors cannot complain, we think he should have pleaded such facts. Cole v. Terrell, 71 Tex. 549, 9 S. W. 670; Dosche v. Nette, 81 Tex. 265, 16 S. W. 1013.

[6] We do not agree with appellant's contention that in no event could the plaintiff prosecute this suit without first securing administration upon the estate of said J. J. Reynolds, deceased, and establishing his debt against the estate by such proceeding. It has been held that, where it is shown that the estate was insolvent and any attempt to collect the plaintiff's indebtedness through an administrator would be fruitless, a proceeding, such as this, can be maintained by the creditor to set aside a conveyance of property made by the deceased and fraudulent as to such creditor and in such proceeding the debt may be established and ordered to be paid out of such property. Heard v. McKinney, 1 Posey, Unrep. Cas., 83; Willis & Bro. v. Smith, 65 Tex. 658; Cobb v. Norwood, 11 Tex. 556; Cole v. Terrell, 71 Tex. 549, 9 S. W. 668.

[7] We do not believe that an attachment against this property in the hands of the appellant Mary Reynolds Moore can be sus-

tained. As stated, none of the defendants were indebted to the plaintiff and no judgment could be rendered against them. Since the statutes (article 240) authorize an attachment only where affidavit is made stating that "the defendant is justly indebted to the plaintiff, in the amount of the demand, etc.," it would not seem that a suit of this character would support the issuance of an attachment.

[8, 9] The defendant Mary Reynolds Moore, upon the death of J. J. Reynolds, had qualified as community administratrix and had filed an inventory of property in accordance with the provisions of law governing such administration. This inventory was offered in evidence, evidently for the purpose of showing the condition of the estate left by the said J. J. Reynolds, and we think it would be admissible for such purpose. The evidence to the effect that J. J. Reynolds had paid taxes on the property after conveyance to his wife was not admissible. O'Neal v. Clymer, 61 S. W. 545.

The statement under the seventh and eighth assignments is not sufficient to enable us to properly determine whether such assignments are well taken or not. If the indebtedness referred to in these assignments should be shown to have grown out of or represent indebtedness existing at the time of the conveyance from J. J. Reynolds to his wife, the evidence complained of would be admissible.

We do not understand how the testimony referred to in the ninth assignment would be relevant, though its admission would not appear to be harmful.

[10] By the tenth assignment of error, objection is made to the introduction of testimony as to certain representations made by J. J. Reynolds at the time he secured the money from plaintiff; these representations being made to the agent of plaintiff Belt. This suit is not against any executor, administrator, or guardian, or against any heir or legal representative of the deceased claiming the property in controversy as such heir or representative, and the provisions of article 3690, R. S., would not apply to the evidence referred to. Newton v. Newton, 77 Tex. 508, 14 S. W. 157; St. Louis Union Trust Co. v. Harbaugh, 205 S. W. 502.

[11] If it should appear that the deed had been delivered and had taken effect prior to the conversations detailed, this evidence would not be admissible. De Garca v. Galvan, 55 Tex. 57.

[12, 13] The payment of the note sued upon was secured by transfer of certain shares of stock in the Lubbock Light & Ice Company, and it appears that at such time such stock was of sufficient value to be ample security for the payment of said note, but that it subsequently became of little value. Appellant contends that, because plaintiff's note was thus secured, the conveyance from J. J.

Reynolds to his wife could not be void as to such creditor. The evidence shows that the conveyance from J. J. Reynolds to his wife was without valuable consideration in law and is such that in our opinion a question of fact is presented as to whether the deed of conveyance to Mrs. Reynolds was delivered and took effect before or after the creation of plaintiff's indebtedness. If the indebtedness was created prior to the conveyance and it should not appear that J. J. Reynolds, at the time of such conveyance, "was then possessed of property within this state subject to execution, sufficient to pay his existing debts," we think the conveyance would be void as to the plaintiff, although at such time the security given plaintiff was sufficient to have satisfied his indebtedness; in other words, if the conveyance left J. J. Reynolds insolvent, the fact that plaintiff's indebtedness was secured by liens on other property, that were then apparently of sufficient value to satisfy it, would not prevent him from being classed as a prior creditor within the provisions of R. S. art. 3967. Of course, the question of insolvency is to be determined as of the time of the voluntary conveyance. Morrison & Hart v. Clark, 55 Tex. 437; Bump on Fraudulent Conveyances (3d Ed.) pp. 280–290. If, on the other hand, the plaintiff is a subsequent creditor, the fact that his debt at the time of its creation was amply secured, would be a cogent, if not conclusive, circumstance on the issue as to whether the conveyance was fraudulent as to him.

Reversed and remanded.