## CRYSUP v. CROCKETT AUTOMOBILE CO.
### (No. 7364.)

Court of Civil Appeals of Texas. Austin.
May 15, 1929.

Webb & Felts, of Austin, for appellant.
Hart, Patterson & Hart, of Austin, for appellee.

BAUGH, J. This appeal is from the judgment of the district court in favor of appellee upon a promissory note for $1,075, and for foreclosure of a chattel mortgage on an automobile executed by appellant to secure its payment.

█ Two contentions are made here. One is that the judgment rendered was for a sum in excess of that to which the evidence showed appellee was entitled. There is no merit in this. The amount of the judgment was determined by the terms of the written instrument. The offset claimed by the appellant raised an issue of fact upon which the evidence was conflicting, and the conflict was

resolved by the trial court in favor of appellee. That concludes the matter in this court.

The second contention is that the trial court erred in failing and refusing to allow appellant a trial before a jury. The proposition asserted reads: "An attorney at law is an officer of the court, and the court has no right to permit such attorney to waive a right guaranteed to a litigant by the Constitution, where the defendant is present in open court and insisting upon said right."

The facts relating to this question are substantially as follows: Suit was filed on May 22, 1928. Appellant, defendant below, filed her answer on June 5, 1928, same being signed by Warren W. Moore and Polk Shelton, as attorneys, at which time a jury was demanded and the jury fee paid by Warren W. Moore. On July 9, 1928, the case was called, appellee, plaintiff below, announced ready. On that day motion for continuance was filed by defendant, Warren W. Moore, her attorney, presenting same, and said continuance granted on condition that a jury would be waived at the next term and the case then tried without a jury. The next term convened October 1, 1928. On October 6, 1928, the case was set by agreement on the nonjury docket for Monday October 8, 1928, at 10 a. m. At that time the plaintiff again announced ready. Defendant again requested postponement of the case. It was then postponed to October 9. The defendant was present in person on one or more occasions when the case was set for trial on the nonjury docket. When the court met at 2 p. m. October 9, one Harris Bell stated in open court that Mrs. Crysup had informed him that she wanted a jury, and that she would be willing to take a pick-up jury if that were not a jury week. There is no showing that he was employed by Mrs. Crysup, his name does not appear on any pleadings filed, nor did he participate in the trial. At the same time the defendant in person stated to the court: "Your Honor, I employed Mr. Moore as my attorney, and he did not know I wanted a jury." At which time Mr. Moore stated to the court: "I want my position understood. I waived a jury, and I told Mrs. Crysup Saturday or yesterday, whenever it was, and she said I had no right to do it. Of course, I stand by just what I agreed to; and I agreed to try it without a jury; she just simply told me I had no right to waive it."

▮ The right of trial by jury in civil cases is a constitutional and statutory right, but it may be waived by agreement of the parties. Cole v. Terrell, 71 Tex. 549, 9 S. W. 668; Blair v. Paggi (Tex. Civ. App.) 219 S. W. 287; Finnell v. Byrne (Tex. Civ. App.) 7 S.W.(2d) 140; 35 C. J. 194; 16 R. C. L. 217.

▮ In the instant case it is not questioned that appellant's attorney, originally employed, whose name is signed to the pleadings, and who actually conducted the trial of the case on October 9, expressly agreed with counsel for appellee to waive a jury trial, and to set the case for trial at the next term upon the nonjury docket, and by so doing obtained a continuance of the case from the June term to the October term, 1928; the only contention made here being that the attorney had no right to make such agreement. Appellant's statement in open court on July 9 that her attorney, Warren W. Moore, did not know that she wanted a jury is not sustained by the record. The record also discloses that Polk Shelton, another attorney, also signed the pleadings, and that on that date one Harris Bell appeared and sought to have the case postponed. Notwithstanding these facts, however, the appellant did not repudiate the act of her attorney, Warren W. Moore, nor seek to have the case postponed because of his lack of authority to make such agreement, nor to have her other counsel try the case. On the contrary, she continued his services, and the record discloses that he thereafter conducted the trial of the case before the court without a jury.

Under such circumstances, appellant having received the full benefits of the waiver agreement, a continuance of her case until the next term of court, and having thereafter continued the services of her attorney to final judgment, we think she is clearly bound by the waiver agreement as made.

Judgment of the trial court is therefore affirmed.

Affirmed.