CATES v. CLARK et al. (No. 639.)

Court of Civil Appeals of Texas. Eastland. Jan. 3, 1930.

Rehearing Denied Jan. 31, 1930.

Patterson & Cates, of Decatur, for appellant.

C. T. Gettys, W. C. Shults, H. E. Lobdell, and Burch & Woodruff, all of Decatur, for appellees.

FUNDERBURK, J. On or about October 8, 1921, J. L. Gentry qualified as community survivor of the community estate of himself and deceased wife, Vick Gentry. Vick Gentry, at her death, on or about the 10th day of September, 1917, left as her sole surviving heirs her said husband and one minor child, Floyd Gentry. There was a community estate, consisting in part, at least, of lands including two city lots, which for convenience will hereafter be designated "city lots," and two tracts of land, consisting of 142¾ acres, which for convenience will be referred to as the "142-acre tract." At the time of her death there was one item of community indebtedness of about $1,500, which was a lien upon the 142-acre tract. On September 1, 1919, a new deed of trust was given to secure an extension of said lien, the new obligation for $1,500, being made payable about September 1, 1924. Before the last-mentioned due date, to wit, June 9, 1922, two new deeds of trust were executed by John L. Gentry, as community survivor, in favor of Reynolds Mortgage Company, to secure new obligations; the principal one including a renewal of the pre-existing $1,500 indebtedness, with $1,500 additional, making the total obligation $3,000, payable the 1st of January, 1932. The second of the two deeds of trust purported to secure the sum of $430.25, stated to be interest on the principal obligation.

On January 7, 1926, after Floyd Gentry was 21 years of age, said J. L. Gentry, purporting to act as community survivor, conveyed the city lots to E. B. Clark for a consideration of $3,000. In connection with closing the deal, Floyd Gentry was called upon to and did execute a deed of the land to said Clark for the purpose of confirming the sale. On the same date (January 7, 1926), Floyd Gentry deeded to J. L. Gentry "all such interest as he might have" in the 142-acre tract, reciting as consideration advances theretofore made by the community survivor to him, which advances the court, upon the trial,

found to exceed the value of the interest of Floyd Gentry in the whole of the community property. On April 23, 1926, thereafter, another like deed was given, in which the wife of Floyd Gentry joined. Clark, the purchaser, arranged with the Decatur Building & Loan Association to carry a purchase-money lien on the land, and to that end J. L. Gentry transferred to it a purchase-money note representing a part of the consideration, and Clark executed to the loan company a deed of trust. On June 24, 1927, John L. Gentry deeded to F. M. Rayzor the 142-acre tract for a recited consideration of $2,700, and the assumption by the grantee of the $3,000 due to the Reynolds Mortgage Company. On October 7, 1927, Rayzor executed a deed of trust in favor of Reynolds Mortgage Company to secure payment of a note for $225. The last-named deed of trust was foreclosed on October 4, 1927, and at the foreclosure sale F. M. Rayzor became the purchaser.

On January 7, 1926, the same day the conveyance was made from J. L. Gentry to E. B. Clark, and the other conveyance from Floyd Gentry to J. L. Gentry, Cliff D. Cates recovered judgment by default against Floyd Gentry in the county court of Wise county for the sum of $230. An abstract of this judgment was subsequently filed, the date of filing not being disclosed by the record.

The present suit was filed on May 18, 1927, by Cliff D. Cates against E. B. Clark, L. C. Boyd (trustee in one of the said deeds of trust), J. L. Gentry, F. M. Rayzor, the Decatur Building & Loan Association, the Reynolds Mortgage Company, and A. J. Beavers (trustee in another of said deeds of trust), to cancel the various conveyances and instruments above described as void and fraudulent, in so far as same affected the title of Floyd Gentry to said land descended to him as heir of his mother, and praying that such interest be decreed to be subject to plaintiff's judgment. The case was tried by the court, a jury being waived, and, from a judgment in favor of the defendants, plaintiff has appealed.

No question is presented in regard to the sufficiency of the pleadings. We assume, but with little consideration of the matter, that the plaintiff's pleadings were sufficient to support a judgment for at least a part of the relief prayed for. We have, however, considered the question of pleadings to the extent that we are of opinion that no cause of action is stated, except such as may exist by virtue of R. S. 1925, art. 3996, which provides that every gift, conveyance, assignment, or transfer, etc., given with intent to delay, hinder, or defraud creditors, shall as to such creditor, etc., be void. Plaintiff, although he alleges the filing of an abstract of judgment, does not allege the date of filing, nor could it have been filed, of course, prior to the date of the judgment, which was the same date of the

latest instrument sought to be canceled. The plaintiff, therefore, alleged no such title, legal or equitable, in the land as would give him the right to maintain an action to remove cloud from title independently of the statute mentioned.

In this state the holder of either a legal or equitable title may maintain suit to remove cloud from title. Sloan v. Thompson, 4 Tex. Civ. App. 419, 23 S. W. 613; Thomson v. Locke, 66 Tex. 383, 1 S. W. 112; Seay v. Fennell, 15 Tex. Civ. App. 261, 39 S. W. 181. But he must have some kind of title. Armstrong v. Wilson (Tex. Civ. App.) 109 S. W. 955. The rule is applicable as stated in Black on Rescission and Cancellation: "In the case of real property no one can claim the right to rescind or cancel a conveyance or contract except the grantor or someone who claims under him or has succeeded to his rights. For a deed cannot be fraudulent against one who is not in position to claim title against the grantor." Section 549.

Under the statute, however, a creditor may bring suit to subject property fraudulently conveyed by the debtor to the payment of his debt without having first acquired a lien. Dittman v. Weiss Bros., 87 Tex. 614, 30 S. W. 863; Cassaday et al. v. Anderson, 53 Tex. 527. In Cassaday v. Anderson, supra, the right of a creditor, without first having acquired a lien, to sue to set aside a fraudulent conveyance, was recognized, but the further right in such case to subject the property to the creditor's claim seems to have been denied, especially where it was shown that there were other lien creditors. We will do no more than merely question the right of the plaintiff here to subject the property to his debt, in the absence of allegations showing that there were no other creditors. Allegations in the petition imply, at least, the existence of other creditors. What we have said with reference to the matter of pleadings is for the purpose of lending emphasis to the fact that appellant's propositions urged for a reversal of the judgment below are wholly dependent upon the statute of fraudulent conveyances aforesaid.

In terms the statute applies to the debtor himself, and an *intent* is an essential element of any cause of action founded upon this statute. We have found no authority holding the statute applicable to an administrator or trustee. We are inclined to think that a creditor, such as the plaintiff here, who had no lien at the time of the conveyances and transfers sought to be canceled, can only prevail by showing an intent, either actual or presumed, of the debtor himself to delay, hinder, or defraud. The allegations are very meager with reference to the participation of the debtor Floyd Gentry in the transactions of which complaint is made. In general terms, however, collusion is charged,

which, of course, involves intent. We find it unnecessary here to determine whether an intent on the part of the community survivor to hinder, delay, or defraud creditors of Floyd Gentry, without participation in such intent by the latter, comes within the purview of the statute. No different result is reached if we proceed upon that assumption.

█ The first proposition, if we understand it, embodies the contention that J. L. Gentry as community survivor was, as a matter of law, without authority to execute the deed of trust covering the 142-acre tract in favor of Reynolds Mortgage Company in so far as Floyd Gentry's half interest in the land was concerned, and to the extent that the new obligation included $1,500 in addition to the $1,500 which was admittedly a community debt secured by a lien on the land. There is neither pleading nor proof that, at the time this transaction occurred (June 12, 1922), Floyd Gentry owed any debt to the plaintiff. Ordinarily the statute of fraudulent conveyances, even if the conveyance is voluntary, does not apply to those who become creditors subsequently to the conveyance claimed to be fraudulent. Moore v. Belt (Tex. Civ. App.) 206 S. W. 225; Bergson v. Dunham (Tex. Civ. App.) 40 S. W. 17; Raymond v. Cook, 31 Tex. 373; Beard v. Blum, 64 Tex. 59; Cole v. Terrell, 71 Tex. 549, 9 S. W. 668; Dosche v. Nette, 81 Tex. 265, 16 S. W. 1013. In order for such to be the case, it is necessary that the intent exist at the time to shield the property from debts thereafter to be incurred. Cole v. Terrell, 71 Tex. 549, 9 S. W. 668; Dosche v. Nette, 81 Tex. 265, 16 S. W. 1013. Clearly, in the absence of any evidence as to the time of the origin of the debt in question, or that the particular debt was in contemplation, this deed of trust cannot be held void. As before pointed out, the only invalidity in which the plaintiff is concerned is that pronounced by the statute. The proposition, therefore, cannot be sustained.

█ The above implication that we may not understand the first proposition is prompted by the statement in the proposition "that in qualifying as community survivor (J. L. Gentry) failed to attach to the inventory of the community property any list of indebtedness due by such estate to other parties, in disregard of a mandatory provision of the statute." If it was designed by this to show that J. L. Gentry was never qualified to act as community survivor, the point cannot be sustained, because as to that matter this suit would constitute a collateral attack. The appointment of a community survivor, and his consequent authority to exercise the statutory powers conferred upon him as such, is not subject to collateral attack. Castleman v. Goodwin, 112 Tex. 323,

246 S. W. 657; Advance-Rumely, etc., Co. v. Blevins (Tex. Civ. App.) 248 S. W. 1086. Mere defects in the proceedings by which a survivor attempts to qualify under the statutes, such as the one mentioned, have many times been held not to render the community administration void. Withrow v. Adams, 4 Tex. Civ. App. 438, 23 S. W. 437, 439; Pratt v. Godwin et al., 61 Tex. 331; Cordier v. Cage, 44 Tex. 533; Lumpkin v. Murrell, 46 Tex. 52; Jordan's Ex'rs v. Imthurn, 51 Tex. 276.

What has been said as to the first proposition is applicable also to the second, dealing with the secondary deed of trust.

██ By the third proposition it is insisted that the court erred in permitting J. L. Gentry to testify over objection that from time to time prior to the conveyances sought to be canceled he had made advances of money to Floyd Gentry upon his interest in the estate, aggregating more than such interest. One ground of objection was that the law requires the community survivor to keep a fair and full account and statement of all the community debts and expenses paid by him, and of the disposition made of such community property, and hence such account and statement would be the best evidence of the disposition of the property made by him. The other objection was that there was no pleading authorizing proof of payment under the statutory requirement, as to a plea of payment, that it distinctly state the nature of such payment and the several items thereof, or that the payment be so plainly described in the plea as to give plaintiff full notice of the character thereof. R. S. 1925, art. 2014.

Neither objection, we think, was valid. We know of no rule that makes the record of accounts required to be kept of superior probative force to the testimony of witnesses having personal knowledge of the facts proper to be embodied in such accounts or statements under the "best evidence rule." Besides the nature of the suit must not be lost sight of. Whether or not such advancements were made, or, if so, whether to the extent claimed, is wholly unimportant, save as it may tend to show the existence or not of an intent on the part of Floyd Gentry to delay, hinder, or defraud creditors. If, as between the community survivor and the heir, the law made the keeping of the account an indispensable requisite to the survivor's getting credit in the final settlement, still the fact that he made advancements, although he kept no accounts, would be admissible to rebut the existence of a fraudulent intent. As to the second objection, no plea of payment within the statutory provision is involved. This is not a suit for debt, at least within the meaning of the statute.

By the fourth proposition it seems to be asserted that the trial court should have held the deed of January 7, 1926, from J. L. Gentry, community survivor, to E. B. Clark, as well as the deed of trust from E. B. Clark to the Decatur Building & Loan Association, and transfer of lien by said Gentry to said loan association, void because for certain reasons same were not for the best interest of the estate. It would, perhaps, be sufficient to answer that the trial court was not called upon to hold such instruments either valid or void, nor is such holding necessarily to be implied from the judgment that was rendered. Plaintiff had no interest in that question, save as it may have a bearing upon the issue of fraudulent intent. The proposition cannot be sustained for the further all-sufficient reason that the court in this case could not adjudicate a question of the best interest of the estate, this suit, as already said, being only collateral to that question.

The fifth proposition cannot be sustained, because it assumes as a fact that the deed from Gentry, community survivor, to Clark, was given with the intent of said Gentry, acquiesced in by Floyd Gentry, to circumvent, hinder, delay, and defraud creditors. This was the principal issue of fact in the case, and was found by the trial court contrary to plaintiff's contention. Of course, then, there can be no merit in a proposition that assumes a fact contrary to the finding. If the finding was erroneous, then it was necessary for appellant, by proper assignment and proposition, to have that question reviewed. No such assignment or proposition is presented.

The sixth proposition is likewise based upon an assumption of facts contrary to the trial court's findings, which are not attacked. It, therefore, presents no error for revision.

All of the appellant's other propositions are dependent upon those discussed, the purpose of same in the main being to show that the defendants other than J. L. Gentry had or were chargeable with notice of the invalidity asserted in order to prevent the application of the principle of innocent purchaser. Our disposition of the preceding propositions renders further discussion unnecessary.

The trial court made sufficient findings to support a judgment in favor of the defendants. The findings are not challenged as being without evidence to support them, or without sufficient evidence to support them, save as it is insisted as a matter of law that such findings are erroneous.

Being unable to concur in such view, the judgment of the trial court will be affirmed; and it is accordingly so ordered.