# FRIEDLING *v.* FREEDMAN.

---

### EQUITY; INJUNCTION.

Equity is without jurisdiction to restrain, at the instance of the plaintiff in a pending action of tort, the conveyance by the defendant in that action of his property for the alleged purpose of defeating the

collection of a possible recovery in the tort action. (Distinguishing *Droop* v. *Ridenour*, 9 App. D. C. 95.)

No. 2839. Submitted November 5, 1915. Decided November 29, 1915.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill for an injunction. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Harry Friedling, plaintiff below, instituted a suit against appellee Louis Freedman, otherwise known as Louis Fridman in the supreme court of the District of Columbia to recover damages for the alienation of the affections of his wife. The suit is still pending, awaiting trial. Plaintiff, thereafter, filed the present bill in equity to enjoin defendant from disposing of his real estate to defeat recovery on the prospective judgment. It is averred in the bill as follows: "Plaintiff is informed and believes that the said defendant is justly apprehensive that in said action at law a large recovery of damages may be had, and is also, as plaintiff is informed and believes, anxious to convey away or otherwise secrete and dispose of his aforesaid real estate in order to defeat plaintiff's recovery in said action." A motion to dismiss the bill was sustained, and from the decree of dismissal this appeal was taken.

*Mr. John Ridout* and *Messrs. Tepper & Gusack* for the appellant.

*Mr. Wilton J. Lambert* and *Mr. Frederick R. Whippler* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is not a creditor's bill to subject the property of an absconding debtor to the satisfaction of an alleged indebtedness, as in *Droop* v. *Ridenour,* 9 App. D. C. 95, the case relied

upon by counsel for appellant. It is an attempt by the plaintiff in a pending action in tort for damages to restrain the defendant from selling or disposing of his real estate. A court of equity is without jurisdiction to enjoin such a conveyance by a possible debtor to await the future possibility of a judgment in favor of a creditor whose status, as such, depends upon the outcome of a pending suit. Before such equitable relief in an independent action can be invoked, there must be an existing judgment at law or a fixed and definite claim, which either is or can be made a lien upon the specific property. *Griffin* v. *Nitcher,* 57 Me. 270; *Brown* v. *Long,* 36 N. C. (1 Ired. Eq.) 190, 36 Am. Dec. 43; *Board of Public Works* v. *Columbia College,* 17 Wall. 521, 21 L. ed. 687.

The rule is elementary that a creditor cannot assail as fraudulent an assignment or transfer of property by a debtor until the debt has been established by a judgment in a court of competent jurisdiction. *Scott* v. *Neely,* 140 U. S. 106, 35 L. ed. 358, 11 Sup. Ct. Rep. 712; *Cates* v. *Allen,* 149 U. S. 451, 37 L. ed. 804, 13 Sup. Ct. Rep. 883, 977. Much less will the mere probability of such a conveyance by an undetermined debtor sustain an action on the complaint of a possible creditor. The decree is affirmed, with costs.      *Affirmed.*