## FARRELL v. COMER.

### No. 13171.

Court of Civil Appeals of Texas. Fort Worth.

May 31, 1935.

Shelby S. Cox and Wm. M. Cramer, both of Dallas, for appellant.

S. C. Rowe, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by 'Everett B. Comer against H. T. Farrell in trespass to try title to recover an undivided one-eighth interest in certain real estate described as lot 5 and the north 24 feet of lot 4 in block 50, situated in the city of Fort Worth, Tex. Judgment was rendered in favor of the plaintiff, and the defendant has appealed.

Plaintiff claimed title under the following instruments which were introduced in evidence: A deed from Mary Bell Boaz, a feme sole, to Clement A. Boaz, L. B. Comer and wife, Ola Boaz Comer, Ernest O. Boaz, and Jessie Boaz Gumm. The consideration recited in the deed was $10 and other considerations paid to the

grantor by the grantees, and the deed conveyed to L. B. Comer and wife, Ola Boaz Comer, together, an undivided one-fourth interest in the lot in controversy. That deed was dated December 23, 1919, duly acknowledged and recorded in the deed records of Tarrant county on March 13, 1920. A deed with warranty of title, dated November 8, 1923, executed and duly acknowledged before a notary public, by L. B. Comer to plaintiff, Everett B. Comer, conveying to the grantee all of grantor's interest in the property theretofore conveyed to L. B. Comer and wife by Mary Bell Boaz by the deed mentioned above, dated December 23, 1919. The deed so executed by L. B. Comer was for the recited consideration of "the sum of $10.00 cash paid and love and affection" for the grantee, Everett Boaz Comer. That deed was filed for record in the office of the county clerk of Tarrant county on December 18, 1930, and duly recorded.

In his answer, defendant attacked the deed from L. B. Comer to plaintiff Everett B. Comer on the ground that the same was not executed for a valuable consideration and was invalid as against the creditors of the grantor, L. B. Comer, and particularly H. T. Farrell, the holder of the judgment against him, which is hereinafter recited, it being alleged that H. T. Farrell became such a creditor before the delivery of said deed, and that the execution of that deed was for the purpose of hindering, delaying, and defrauding H. T. Farrell, a creditor, and further that L. B. Comer has no other property out of which the judgment can be collected. The answer concludes with a prayer for a cancellation of that deed. To support that defense the defendant introduced the following instruments:

A judgment against L. B. Comer and W. V. Galbreath, jointly and severally, with an award of execution in favor of H. T. Farrell for the sum of $4,034.05, being the amount of attorneys' fees and costs in a certain suit No. 82107-B, entitled L. B. Comer et al. v. H. T. Farrell et al., in the district court of the Forty-Fourth judicial district of Dallas county, Tex., dated November 17, 1930.

Pluries execution issued on that judgment by the clerk of the district court of Dallas county to the sheriff or any constable of Tarrant county, commanding him to collect the amount of such judgment of L. B. Comer and others jointly liable therefor according to the terms of the judgment. That writ of execution was dated August 5, 1933, and the return thereon recites that it was duly executed on the 19th day of August, 1933, by levying on all the right, title, and interest of L. B. Comer in the lot described above, and by selling the same to the defendant, H. T. Farrell, for the sum of $100 for the purpose of satisfying such judgment, after duly advertising the same as required by the statutes.

A deed to H. T. Farrell, executed by the sheriff of Tarrant county, under and by virtue of said execution sale, dated October 3, 1933, and filed for record in the deed records of Tarrant county, October 16, 1933.

A lease to J. C. Penny Company, Inc., on the lot described above, of date February 15, 1929, executed by C. A. Boaz, E. O. Boaz, Mari Ola Comer and her husband, L. B. Comer, and Jessie Boaz Gumm and her husband, C. C. Gumm, as lessors. The lease recited that it was for a term of 28 years, beginning on March 1, 1929; with rentals payable monthly in advance and being $550 for the first 36 months and increasing thereafter according to a certain stated schedule. That lease was duly acknowledged by all the parties and was filed for record in the deed records of Tarrant county on March 2, 1929. That lease seems to have been issued in lieu of a prior lease that had been in force.

A "supplemental contract," date April 29, 1925, signed by the same parties as the above instrument, in favor of J. C. Penny Company, Inc., in which the lessors agreed to purchase and install a passenger elevator in the building covered by the lease. That instrument was likewise duly acknowledged by all the parties. It implies that a former lease had been executed prior to the one of date February 15, 1929, but the same does not appear in this record.

Everett B. Comer was the only witness introduced upon the trial of the case, and his testimony is shown in the record. The following facts were testified to by him: At the time of the trial, which was on January 9, 1934, he was 27½ years of age, and therefore he was 13 years of age at the time his grandmother, Mary Bell Boaz, executed the deed above referred to, and approximately 16 years old at the date of the deed to him by his father, L.

B. Comer. He has resided in Fort Worth all his life, where he attended public schools, and later attended college at Virginia Military Institute in Lexington, Va., and later attended the University of Texas in Austin. He first saw the deed from his father to him at the office of his grandmother in Fort Worth when he returned home from his first year at the Virginia Military Institute. The day after his return from Virginia, L. B. Comer, his father, took him to his grandmother's office in Fort Worth where there was an old safe that had been brought from a bank and equipped with 70 or 75 lock boxes. There his father handed him a key to a lock box which belonged to the plaintiff and his mother jointly. The plaintiff opened the box and there found three deeds, one of which was the deed to him from his father, L. B. Comer. Plaintiff read over the deed and put it back in the lock box from whence he had taken it. The lock box was used by him and his mother, where they kept their papers, and in which plaintiff kept his small trinkets and coins. After reading the deed from his father, he replaced it in the box, which he locked, and took the key to his mother. Thereafter the key remained with his mother, Mrs. Ola Boaz Comer, and she and plaintiff were the only ones that had access to the box. Plantiff filed in the clerk's office for record the deed from his father to him and paid the recording fee. During the year 1923 plaintiff's father was engaged in making loans; prior to that time he had been president of the Fort Worth State Bank; he had also been assistant live stock agent for some railroad. When the deed was delivered to plaintiff by his father he knew of the pendency of a suit in which his father, L. B. Comer, was the plaintiff against H. T. Farrell, involving a gravel business in which his father had been engaged with Mr. Farrell prior to that time, but had never heard of L. B. Comer owing a penny to H. T. Farrell at any time. The property in controversy is now leased to J. C. Penny Company, and plaintiff has in his possession a duplicate copy of the original lease; also the supplemental contract relative thereto, binding the lessors to install a passenger elevator in the building. Witness knew of the execution of the lease to J. C. Penny Company, of date February 15, 1929, at the time of its execution, at which time witness was over 21 years of age. Witness never has signed any lease to J. C. Penny Company, Inc., or any one else for that company. The property was leased by the father and mother of the plaintiff to J. C. Penny Company for a period of 28 years with his knowledge at the time.

Judgment was rendered upon a verdict in the plaintiff's favor, which was directed by the court, and by different assignments the contention is made here that the evidence introduced presented a controverted issue of fact to be determined by the jury as to whether or not the deed from L. B. Comer to the plaintiff was in fact delivered to him, and whether or not the purported conveyance was made for the purpose of defrauding H. T. Farrell, a creditor of L. B. Comer.

Article 3996, Rev. Civ. St. 1925, reads: "Every gift, conveyance, assignment, or transfer of, or charge upon, any estate real or personal, every unit commenced, or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This article shall not affect the title of a purchaser, for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

Article 3997 reads: "Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be void as to subsequent creditors or purchasers."

■ The deed to plaintiff from L. B. Comer, if delivered as testified to by him, was sufficient to show title in him unless successfully attacked by the defendant under the provisions of one or the other of those two statutes. Compton, Ault & Co. v. Marshall, 88 Tex. 50, 27 S. W. 121,

28 S. W. 518, 29 S. W. 1059; Johnson v. Ewing (Tex. Civ. App.) 276 S. W. 784; Central National Bank of Waco v. Barclay (Tex. Civ. App.) 254 S. W. 140; Cates v. Clark (Tex. Civ. App.) 24 S.W.(2d) 450.

 Ordinarily possession of a deed raises the presumption of its due delivery, and its date is prima facie evidence of the date of its delivery. Wadsworth v. Vinyard (Tex. Civ. App.) 131 S. W. 1171.

In Clement v. First National Bank, 115 Tex. 342, 282 S. W. 558, 560, this was said: "It is well established that a deed of gift made by an insolvent debtor is void as to existing debts. It is equally as well settled that property so conveyed is not subject to debts subsequently made by the grantor. We need not cite authorities to support either of these propositions."

It is also true that as between plaintiff and defendant the execution of the lease by L. B. Comer to J. C. Penny Company, purporting to cover the interest in the property conveyed to plaintiff, would not destroy plaintiff's title if his title was acquired before the execution of the lease. Earhart v. Agnew (Tex. Com. App.) 222 S. W. 188; 2 Tex. Jur., par. 160, p. 514.

However, while plaintiff's testimony as to the delivery of the deed to him and his continuous possession thereof ever since its delivery was not contradicted by the testimony of any other witness, yet his failure to file the deed for record until December, 1930, more than one month after rendition of the judgment against his father in the district court of Dallas county, and his apparent acquiescence in the lease by his father to J. C. Penny Company, purporting to cover plaintiff's interest in the property, were circumstances tending to discredit his testimony as to date of delivery. And we have reached the conclusion that the trial court committed reversible error in instructing a verdict for plaintiff. Texas & N. O. Ry. Co. v. Gericke (Tex. Com. App.) 231 S. W. 745, 746; Mills v. Mills (Tex. Com. App.) 228 S. W. 919; Myers v. F. Dodson & Son (Tex. Civ. App.) 254 S. W. 1112; Hartman v. Chumley (Tex. Civ. App.) 266 S. W. 444; Peerless Fire Ins. Co. v. Barcus (Tex. Civ. App.) 227 S. W. 368; Wolters v. Farmers' Life Ins. Co. (Tex. Civ. App.) 255 S. W. 666.

In M. H. Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966, it was held that it was proper for the trial court to instruct a verdict upon the uncontradicted testimony of interested parties which was positive and unequivocal, and there was no circumstance tending to discredit or impeach it. Other decisions are cited to the same effect, and a writ of error applied for in that case was denied by the Supreme Court. In Dallas Hotel Co. v. Newberg (Tex. Civ. App.) 246 S. W. 754, the same conclusion was reached.

Whether or not those decisions can be harmonized with those cited above and many others, it is unnecessary for us to determine, since the instructed verdict in this case cannot be sustained under the two decisions last cited.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded.