### IRWIN *v.* V. S. MEESE.

1. EQUITY—JURISDICTION—SEQUESTRATION OF ASSETS.

   A court of equity is without jurisdiction to sequester, seize, enjoin transfer of, or otherwise provisionally impound assets for application upon money demand that is not secured by a lien on such assets and has not been reduced to judgment.

2. SAME—JURISDICTION—RESTRAINT ON ALIENATION OF PROPERTY OF DEFENDANT TORTFEASOR.

   Equity is without jurisdiction to restrain, at the instance of the plaintiff in a pending action of tort, the conveyance by the defendant in that action of his property for the alleged purpose of defeating the collection of a possible recovery in the tort action.

3. SAME—JURISDICTION—INJUNCTION AGAINST DISPOSAL OF ASSETS BY DEFENDANT PENDING TRIAL IN ACTION AT LAW.

   Equity will not enjoin a defendant from the free disposal of his property on the application of a creditor who sets up no lien upon or title to the property, and who presents no other equity than his simple fear that when he reduces his claim to judgment, he will not be able to find property on which to levy it.

4. INJUNCTION—DISPOSAL OF ALLEGED TORTFEASOR'S ASSETS—JURISDICTION.

   Bill to enjoin defendants from disposing of property which they had purchased from defendant husband's father during pendency of action against such father for damages was properly dismissed on defendants' motion where the action at law had not been reduced to judgment prior to commencement of injunction suit, a court of equity not having jurisdiction in the premises.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 19 Am Jur, Equity, § 193.

[1–4] Jurisdiction of equity to sequester, seize, enjoin transfer of, or otherwise provisionally secure assets for application upon money demand which has not been reduced to judgment. 116 ALR 270.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted June 14, 1949. (Docket No. 55, Calendar No. 44,404.) Decided September 8, 1949.

Bill by Harold W. Irwin against Vernell S. Meese and wife for injunction restraining sale of real estate. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*H. Donald Bruce,* for plaintiff.

*Roy T. Conley,* for defendants.

DETHMERS, J. In the case of *Irwin* v. *D. C. Meese, ante,* 344, in which the opinion of this Court has this day been filed, the plaintiffs sued the defendant therein, D. C. Meese, for damage resulting from removal of lateral support from plaintiff's property. In the instant case, plaintiff's bill of complaint alleges that the defendant herein, Vernell S. Meese, is the son of D. C. Meese, that the father and son were engaged in a joint adventure in furtherance of which said lateral support was removed by or for them both, and that both are liable for the damage for which plaintiff and his wife sued D. C. Meese only in the above-mentioned suit. Plaintiff's bill further alleges that Vernell S. Meese and his wife, defendant Alice Meese, purchased a home from D. C. Meese during pendency of the law case and that they are now offering it for sale "for the sole purpose of placing the property in the hands of an innocent third party so that the same will not be subject to attachment for the recovery of damage caused the plaintiff herein by defendants D. C. Meese and Vernell S. Meese, who unlawfully and negligently removed, by excavation, the lateral support" from plaintiff's property. Plaintiff's bill

therefore prays that defendants Vernell S. Meese and his wife, Alice Meese, be enjoined and restrained from selling the said home until the further order of the court.

From decree dismissing plaintiff's bill of complaint he brings this appeal.

The general rule is that, in the absence of a statute so authorizing, a court of equity is without jurisdiction to sequester, seize, enjoin transfer of, or otherwise provisionally impound assets for application upon a money demand that is not secured by a lien on such assets and has not been reduced to judgment. For annotation of the subject see 116 ALR 270 *et seq.*

"Equity is without jurisdiction to restrain, at the instance of the plaintiff in a pending action of tort, the conveyance by the defendant in that action of his property for the alleged purpose of defeating the collection of a possible recovery in the tort action." *Friedling* v. *Freedman* (syllabus), 44 App DC 191.

"Equity will not enjoin a defendant from the free disposal of his property on the application of a creditor who sets up no lien upon or title to the property, and who presents no other equity than his simple fear that when he reduces his claim to judgment, he will not be able to find property on which to levy it." *Dortic* v. *Dugas* (syllabus), 52 Ga 231.

"An injunction to restrain parties from disposing of goods, pending a trial at law, so that they may be levied upon by virtue of a judgment, which the complainant hopes to obtain, is improper." *Phelps* v. *Foster* (syllabus), 18 Ill 309.

See, also, *Dunham* v. *Kauffman*, 385 Ill 79 (52 NE2d 143, 154 ALR 90).

"Equity court is without jurisdiction to sequester defendant's assets on complaint of tort claimant, whose claim has not been reduced to judgment at

law, or to enjoin defendant from transferring such assets, in absence of authority of rule of court or statute." *Martin* v. *James B. Berry Sons' Co., Inc.* (syllabus) (CCA), 83 F2d 857.

Decree dismissing plaintiff's bill of complaint affirmed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.