**NAUMOVICH v. REESE et al.**

No. 14506.

Court of Civil Appeals of Texas.
Dallas.

Feb. 15, 1952.

Second Motion for Rehearing Denied
March 14, 1952.

Bowyer, Gray, Thomas & Crozier, Dallas, for appellant.

Alexander, George, Russell, Johnson & Passman and Shannon Jones, Jr., all of Dallas, for appellees.

CRAMER, Justice.

Appellant has filed a strong motion for rehearing and after considering it we have decided to withdraw our former opinion and write anew in the case.

Appellant's statement of the case, which appellee states is correct, is: "Appellees brought suit in the 14th Judicial District Court of Dallas County, Texas, against appellant, his son, Nickey Naumovich, and Pan-Aire, Inc., in the nature of a suit to set aside alleged fraudulent deeds of trust and chattel mortgages (executed by Nickey Naumovich and Pan-Aire, Inc., to Pera Naumovich to secure certain promissory notes) and prayed for a temporary restraining order, and a temporary injunction restraining and enjoining appellant from prosecuting his two certain suits in the 14th

Judicial District Court or from otherwise disposing of the same for the reason that there was pending in Kaufman County, Texas, in the 86th Judicial District Court a claim arising ex delicto against Pan-Aire, Inc. On hearing on the temporary injunction, the court below granted a temporary injunction 'pending until final hearing and determination of this cause, restraining and enjoining defendants and their attorneys from trying or causing to be tried' two causes filed by Pera Naumovich for judgment on his notes and foreclosures of his liens 'before any court except the 14th Judicial District Court in and for Dallas County, Texas, Judge Sarah T. Hughes presiding.' From said writ of temporary injunction, appellant has perfected this appeal."

Appellant's nine points in substance are: Error in the granting of the temporary injunction because: (1) The allegations in the pleading being vague, indefinite, and uncertain, and stating only conclusions, are wholly insufficient; (2) the injunction enjoining the prosecution of appellant's suits in any other court than the 14th District Court is not supported by the prayer, and the injunction is contrary to the statutes; (3) appellees did not allege a lien on the property described in the injunction, and their claim here is unliquidated; (4) appellees' claim, if any, was against Pan-Aire, Inc., and not against appellant or his son Nickey Naumovich; (5) the injunction granted enjoins proceedings pending in said trial court contrary to law; (6) the petition failed to allege notice to, or insolvency of, Pan-Aire, Inc., as required by law; (7 and 8) the evidence was wholly insufficient to support findings of fraud; the uncontroverted evidence was that there was a debt due appellant by Pan-Aire, Inc., and by Nickey Naumovich, secured by deeds of trust and chattel mortgages, and that appellees had notice of the alleged tort claim of appellant against Pan-Aire, Inc.; and appellees wholly failed to prove an indebtedness or cause of action in the Kaufman County suit against Pan-Aire, Inc., or against appellant, or Nickey Naumovich; and (9) that part of the judgment which authorizes the appellees to withdraw from the County Clerk's office certain instruments involved here for the purpose of examination, etc., is erroneous because the County Clerk is not a party to this suit.

Appellant briefs points 1 to 6, inc., together, and we will so consider them. These points " * * * relate to the insufficiency of the pleadings of the appellees in a suit of this kind * * *."

The material portions of appellees' (hereafter referred to as Reese and Bell) pleadings in substance are that on August 30, 1951 appellees filed suit in a district court of Kaufman County against Pan-Aire, Inc., hereafter called Pan-Aire, the sole defendant in said suit and one of the defendants in the present suit, alleging damages caused Reese and Bell by the negligence of Pan-Aire in the total sum of $27,482, and prayed judgment in that amount. They further alleged that Pera and Nickey Naumovich and Pan-Aire, and each of them, with a view and with the intent to hinder, delay and defraud the creditors of Pan-Aire, did on or about July 10, 1951, after Nickey and Pan-Aire were informed of Reese and Bell's claim against Pan-Aire, growing out of an alleged negligent killing of 1930 broad-breasted bronze turkeys by Pan-Aire's agents operating airplanes over the turkey farm in going to and from the point where they conducted crop dusting operations.

That Pan-Aire and Nickey, as makers, had executed certain notes with Pera Naumovich as payee, together with deeds of trust, chattel mortgages, and that Pera Naumovich had filed causes numbered 58,161 and 58,168 against Nickey Naumovich and Pan-Aire, which suits are pending in the 14th District Court. Said mortgages, deeds of trust, etc., have been recorded in the proper records in the county clerk's office of Dallas County. They further allege that such deeds, notes, mortgages, etc., bear dates from October 20, 1946 to June 3, 1951, but that none of said instruments were recorded until July 10, 1951, after they had learned of plaintiffs' cause of action filed in the district court of Kaufman County; that on September 10, 1951, Pera, father of Nickey, filed such causes 58,161–8 in the 14th District Court, seeking a money

judgment and a foreclosure of the various liens recited in said mortgages and deed of trust. Reese and Bell further alleged that Nickey and Pan-Aire have filed answers in such suits and have stipulated and agreed to facts, and Pera has filed motions for summary judgment in each cause and has secured settings for hearing on such motions for summary judgment prior to appearance day in the Kaufman County suit. Reese and Bell further allege that no consideration passed from Pera to Nickey or Pan-Aire for said notes, but that they were voluntary, without consideration, and made for the purpose of hindering, delaying, and defrauding creditors of Pan-Aire, and especially Reese and Bell; that Pan-Aire did not have and does not now have any other property within this State subject to execution out of which its then and now existing debts, etc., can be paid, unless the property so fraudulently conveyed, mortgaged, etc., to Pera, can be reached and applied to the payment of the obligation due them (Reese and Bell). That the execution, filing, and recording of such notes, mortgages, etc., has hindered, delayed, and defrauded them as creditors and if they are permitted to have a hearing on the motion for summary judgment filed by Pera against Nickey and Pan-Aire, such acts will violate the rights and tend to render any judgment Reese and Bell may obtain in the Kaufman County case ineffective and uncollectible. Reese and Bell further alleged that Nickey and Pan-Aire are attempting to secrete and convey the assets of Pan-Aire, and through fraud render a judgment against Pan-Aire worthless, unless the writ of injunction prayed for be issued. After hearing of the trial court in which numerous witnesses testified, the court granted the temporary injunction involved. The evidence on such hearing made a question of fact for the court on each of the issues made by the pleading, and the only question raised by points 1 to 6, inc., is the sufficiency of such facts set forth in the pleadings, taken as true, to sustain the judgment.

■ The pleadings show the parties involved are father, son, and a corporation managed and operated by the son. Such a relationship of the parties, in a case of this kind, is a badge of fraud. 20 T.J., 158, Fraud and Deceit, sec. 108; 20 T.J., 526, Fraudulent Conveyances, sec. 172; Farrell v. Comer, Tex.Civ.App., 84 S.W.2d 300. The pleadings also show the instruments evidencing the debt, liens, etc., although dated on various dates prior to the time the liability, if any, of appellant to appellees in the pending suit in Kaufman County accrued. Such instruments were not recorded until after Reese and Bell's cause of action accrued. This is also a badge of fraud. 20 T.J. 519, Fraudulent Conveyances, sec. 170.

On the hearing below, the evidence, among other matters, revealed that one of the instruments evidencing one of the liens involved, was on a printed form which the printer thereof testified had not been printed by him until after the written date shown on said instrument as well as the written date in the acknowledgment therein.

■ The cause of action in the Kaufman County suit is for the negligent killing of turkeys by a crop-dusting airplane flying from its base over appellees' turkey farm enroute to farm lands to be dusted under contract by Pan-Aire with such farm owners, and the proof in this case tends to show an intent and purpose, by fictitious instruments, to fraudulently make appellees' recovery, if any, in the damage suit uncollectible. We do not have before us here the usual method of preferring one bona fide creditor over another, which, of course, is not condemned, where no more property or monies are paid over by the debtor than is necessary to fairly discharge the debt to such creditor. The transaction here is alleged to be a shifting of assets without consideration from son to father, in order to defeat a recovery and collection on a judgment for damages for a tort, if and when obtained. It is also material to note that this proceeding is not in the same court as, or ancillary to, the damage suit proper, filed in Kaufman County by Reese and Bell against Pan-Aire; nor is it filed in, or as an ancillary proceeding to causes 58,161 and 58,168, pending in the 14th District Court. Under such record here it is clear to us that until the judgment is rendered in the Kaufman County suit, Reese

and Bell have no accrued and liquidated claim against Pera and Nickey Naumovich, and no accrued right to set aside the conveyances, mortgages, etc., alleged to have been in fraud of Reese and Bell's contingent future right to levy thereon or set such conveyances aside as in fraud of them as creditors in this separate suit in a court not sitting in Kaufman County against Pera and Nickey Naumovich.

While it is true, as contended by Reese and Bell, that under the holding of Colby v. McClendon, Tex.Civ.App., 116 S. W.2d 505, the holder of an unliquidated action for damages is such a creditor as can maintain an action to set aside a conveyance, as in fraud of creditors, *after* (emphasis ours) the unliquidated demand is reduced by judgment to a liquidated amount, there is one element lacking in this case. In this case the claim has not become a liquidated one by final judgment in the Kaufman County case. Until such claim has become liquidated by final judgment, no separate cause of action exists.

The question as to whether ancillary relief under the facts here could be granted in the Kaufman County case, or in causes 58,- 161, 58,168, is not material to our decision and is not passed upon.

For the reasons stated, the motion for rehearing is granted, our former order set aside, and the order below granting the temporary injunction is now reversed and judgment is here rendered dissolving the temporary injunction.

Reversed and rendered.

BOND, Chief Justice (concurring).

I am in accord with the conclusion reversing the judgment of the trial court and dissolving the temporary injunction on material facts pertaining to this appeal. The underlying basis for the injunction as revealed by this record was to hold appellant's property in status quo pending the outcome of a tort action pending in the District Court of Kaufman County, in which suit Gladys W. Reese et al. (referred to in the record here as Reese and Bell) seek damages against Pan-Aire, Inc., the sole defendant in said suit. The suit in the Kaufman County case is for unliquidated damages arising from alleged negligence on the part of Pan-Aire, Inc., its agents and servants, in dusting poisonous substances over cultivated fields to eradicate destructive crop insects, from which operation the said Reese and Bell suffered the loss of their turkeys.

The opinion of this Court in dissertation of alleged fraud and fraudulent transactions, in which appellees are not concerned, manifestly is calculated to and in all probability will prejudice the defendant's rights and issues which will arise in the Kaufman County suit as well as in the suit pending in Dallas County wherein Pera Naumovich, instituted suit against his son, Nickey Naumovich, and Pan-Aire, Inc., for debt and foreclosure of lien; and in which suit Reese and Bell were not parties and had no interest whatsoever in the subject matter of said suit.

In the Dallas County suit the record shows that the defendants concede liability, debt, and valid enforceable liens. There is no controversial issue involved in that suit. In consequence, the plaintiff having timely moved for summary judgment, not controverted by the defendants, it was incumbent as a matter of law upon the trial court to give the plaintiff a speedy trial on the motion and enter such judgment as the facts may warrant.

In my opinion, the pleadings of Reese and Bell in this independent injunction suit, as set out in the Court's opinion, and the evidence thus related, have no probative force in the determination of this appeal; Reese and Bell are interlopers in the Dallas County suit. Furthermore the opinion, wherein is stated "The question as to whether ancillary relief under the facts here could be granted in the Kaufman County case, or in 58,161, 58,168 (Dallas County), is not material to our decision and is not passed upon", affirmatively indulges the inference that ancillary relief under such disclosed pleadings and facts "could be granted in the Kaufman County case, or in causes 58,161, 58,168," which inference is extrajudicial pronouncement. The record does

not reveal that such question is raised in this appeal; hence the question not being before the trial court, is not before us; therefore, whatever course may be available to the parties is of no concern to this court, and in my opinion should have no place in this decision. The implication that such could be done, is calculated to lead the trial courts into error. Thus the pronouncement of the erroneous premise that Reese and Bell could obtain relief in ancillary proceedings which they were unable to obtain in the direct proceedings, as held, is untenable.

In the affirmance of the judgment of the trial court, I noted my dissent; and, on the motion for rehearing, the majority having reversed their original decision, I am in accord; but am unwilling to sustain the dissertation of fraud and fraudulent facts and the inferential pronouncement which may and probably will prejudice the pending causes; and, if adhered to by the trial court, would only result in reversible error.

On Second Motion for Rehearing.

CRAMER, Justice.

Appellees have filed a strong motion for rehearing, attacking our opinion wherein we held that Reese and Bell have no accrued claim against Pera and Nickey Naumovich, reasserting that this case is controlled by our Supreme Court's holding in the case of Colby v. McClendon, Tex.Civ.App., 116 S. W.2d 505. In Colby v. McClendon the background shows two final judgments, one by the Oklahoma court finally determining the rights of the parties in a judgment for a liquidated sum and by our Texas courts in a judgment based upon the Oklahoma final judgment. The garnishment in the Colby-McClendon case was issued after judgment. True, the original judgment in Oklahoma was in a suit on an unliquidated demand and the Colby-McClendon case is authority for a holding that before Mrs. McClendon's unliquidated demand was liquidated by the Oklahoma judgment she was a creditor. However the Colby-McClendon case did not hold, and is not an authority for a holding, that the unliquidated demand for damages

before it became liquidated by the final judgment, was such a claim as may be made the ground for the issuance, in an original suit based on an unliquidated demand, before judgment, of a temporary injunction to prevent defendant from disposing of his property for a consideration not valuable.

We have been unable to find, and the parties have not cited to us, a case in point on the question here.

Our independent search has convinced us we were correct in our original holding. The headnote to section 461, 37 C.J.S., Fraudulent Conveyances, p. 1309, is as follows: "An injunction to prevent a debtor from disposing of his property with intent to defraud his creditors may be granted on the application of a creditor having a lien, by judgment or otherwise, on the property, or, under some statutes or the facts of some cases, even on the application of a creditor without a lien; but, generally speaking, in the absence of a permissive statute, such an injunction will not be granted in favor of a creditor without a judgment or other lien."

Irwin v. Meese, 325 Mich. 349, 38 N.W. 2d 869, 870, holds as follows:

"The general rule is that, in the absence of a statute so authorizing, a court of equity is without jurisdiction to sequester, seize, enjoin transfer of, or otherwise provisionally impound assets for application upon a money demand that is not secured by a lien on such assets and has not been reduced to judgment. For annotation of the subject see 116 A.L.R. 270 et seq.

" 'Equity is without jurisdiction to restrain, at the instance of the plaintiff in a pending action of tort, the conveyance by the defendant in that action of his property for the alleged purpose of defeating the collection of a possible recovery in the tort action.' Friedling v. Freedman (syllabus), 44 App.D.C. 191.

" 'Equity will not enjoin a defendant from the free disposal of his property on the application of a creditor who sets up no lien upon or title to the property, and who presents no other equity than his simple

fear that when he reduces his claim to judgment, he will not be able to find property on which to levy it.' Dortic v. Dugas (syllabus), 52 Ga. 231.

" 'An injunction to restrain parties from disposing of goods, pending a trial at law, so that they may be levied upon by virtue of a judgment, which the complainant hopes to obtain, is improper.' Phelps v. Foster (syllabus), 18 Ill. 309.

"See also: Dunham v. Kauffman, 385 Ill. 79, 52 N.E.2d 143, 154 A.L.R. 90.

" 'Equity court is without jurisdiction to sequester defendant's assets on complaint of tort claimant, whose claim has not been reduced to judgment at law, or to enjoin defendant from transferring such assets, in absence of authority of rule of court or statute.' Martin v. James B. Berry Sons' Co., Inc., (syllabus), 1 Cir., 83 F.2d 857.

"Decree dismissing plaintiff's bill of complaint affirmed, with costs to defendants."

After full reconsideration of the question, we hold, in line with the general rule, that in the absence of a Texas permissive statute, a temporary injunction will not issue, before final judgment, in favor of a creditor with only an unliquidated demand to restrain a conveyance which, were the debt liquidated, would be one in fraud of creditors.

The second motion for rehearing is therefore overruled.