**Dorothy HOLLINS et vir, Appellants,**

v.

**RAPID TRANSIT LINES, INC., Appellee.**

**No. 126.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 29, 1968.

Rehearing Denied June 26, 1968.

**58**

Carl E. F. Dally, Briscoe, Dally & Shaffer, Houston, for appellants.

Charles M. Haden, Harry L. Tindall, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellees.

BARRON, Justice.

This is an appeal from a partial summary judgment granted in favor of two of the defendants, Rapid Transit Lines, Inc., and Houston City Lines, Inc. Suit was filed by Dorothy Hollins and husband, John Hollins, against Rapid Transit Lines, Inc., Houston City Lines, Inc., and Pioneer Bus Company for personal injuries alleged to have been sustained by the plaintiff, Dorothy Hollins, while riding on a bus owned and operated by Pioneer Bus Company in the City of Houston. The plaintiffs allege that defendants, Rapid Transit Lines, Inc., and Houston City Lines, Inc., were joined in the suit because they had, at the time of injury of the plaintiff or have acquired since that time, such an interest in the defendant corporation, Pioneer Bus Company, that they were liable to plaintiff solely or jointly with Pioneer Bus Company. The petition specifically alleges that Rapid Transit Lines, Inc., and Houston City Lines, Inc., had notice when they purchased substantially all of the assets of Pioneer Bus Company that the plaintiffs were creditors of Pioneer Bus Company in contemplation of the law of fraudulent transfers and conveyances. It is alleged that the transfers of property from Pioneer Bus Company was fraudulent and was made with the intent to hinder and defraud the plaintiffs as creditors of defendant, Pioneer Bus Company. It is alleged that the transfer is void, and that Pioneer Bus Company does not have and will not have sufficient assets to satisfy plaintiffs' pending claims for damages to which plaintiffs are and to which they will become entitled.

The accident occurred on August 8, 1967. The transfers of property and equipment were alleged to have occurred on September 15, 1967. Pioneer Bus Company sold a substantial portion of its assets to Rapid Transit Lines, Inc., on the latter date. Suit was filed by plaintiffs on September 26, 1967. Rapid Transit thereafter filed its motion for partial summary judgment supported by accompanying affidavit of

Stanley H. Gates, Vice President and General Manager of Rapid Transit Lines, Inc. Plaintiffs filed opposing affidavits by plaintiff John Hollins and by plaintiffs' attorney. In the motion for summary judgment Rapid Transit was movant and prayed for its dismissal from the suit.

On a hearing on motion for summary judgment, the trial court rendered judgment in favor of Rapid Transit Lines, Inc., and dismissed Rapid Transit and Houston City Lines, Inc., from the suit. The trial court severed the actions and left pending the suit only against Pioneer Bus Company. Rapid Transit Lines, Inc., is an affiliate company of Houston City Lines, Inc. From the trial court's summary judgment the plaintiffs have appealed. Mr. and Mrs. Hollins are appellants, and Rapid Transit Lines, Inc. (and Houston City Lines, Inc.), are appellees.

Appellants' petition alleges a joint cause of action against all three transit companies by generally stating that all "defendants" were liable for damages by reason of their negligence. However, it is clear from appellants' petition that appellees were made parties defendant by reason of the transfer of a substantial portion of Pioneer Bus Company's assets to Rapid Transit on September 15, 1967, and by reason of appellees' alleged notice of appellants' claim against Pioneer. Appellants sought to set aside the transfer of the assets as a fraudulent transfer, or sought, by reason of the transfer, to hold appellees liable for damages on grounds of their own negligence.

We believe, however, that a correct decision in this case turns upon the nature of appellants' claim against Pioneer, and whether their claim as a "creditor" of Pioneer would result in avoiding the transfer from Pioneer to appellees at this time.

■ The action filed by appellants is one in tort seeking damages for the alleged negligence of the three defendants. One who is entitled to damages arising from tort is just as much a creditor of one who is liable for such damages as is the person who holds against such party any other sort of claim. There is no reason for any distinction in a case of this kind. If it were otherwise, any person guilty of the commission of a tort could secure immediate protection from the consequences, however serious they may be and however culpable may have been the wrongful act committed by him, by a simple transfer or conveyance of his property to another. See Colby v. McClendon, 116 S.W.2d 505, 511 (Tex.Civ.App.), no writ.

■ But the claim by appellants, being a suit for damages in tort, is unliquidated. We believe the law is clear that the holders of an unliquidated claim for damages, though creditors eventually entitled to set aside a fraudulent transfer, must reduce their claim by judgment to a liquidated and definite amount before a cause of action exists. Until such claim has become liquidated by final judgment no separate cause of action exists. Cole v. Terrell, 71 Tex. 549, 9 S.W. 668, 671–672; Naumovich v. Reese, 247 S.W.2d 417, 420 (Tex. Civ.App.), no writ. In Cole v. Terrell, supra, it was said, in a case involving a trespass on land by cutting timber thereon:

"This statutory rule (fraudulent conveyances) as explained by itself, does not prevent a voluntary conveyance from attack by a subsequent creditor upon showing, not merely that the conveyance was voluntary, but was made with fraudulent intent. * * * 'It is accordingly well settled that, if a party makes a conveyance of his property with the express intent to become indebted to another to defraud him of his debt by means of this artifice, such subsequent creditor may contest, and by proof defeat, the transfer, although he was not a creditor of the grantor at the time of the conveyance.' And again: The simple fact of a subsequent indebtedness is not sufficient to make a transfer fraudulent. There must exist at the

time on the part of the grantor a fraudulent view, and until this fraudulent purpose is established, either by positive proof or the exhibition of such facts as justify the inference of its actual existence, the conveyance cannot be set aside." (Parenthesis added.)

We hold that if such transfer was made with a fraudulent intent to evade future liabilities, such a transfer is void as to subsequent creditors. Hartman v. Hartman, 135 Tex. 596, 138 S.W.2d 802, opinion adopted; Stevens v. Cobern, 109 Tex. 574, 213 S.W. 925 (Tex.Sup.); Cates v. Clark, 24 S.W.2d 450, 453 (Tex.Civ. App.), writ ref. But appellants have no cause of action in existence until they have procured a final judgment on their unliquidated tort claim. The action must rest upon a liquidated demand. 26 Tex. Jur.2d, Sec. 130–133, pp. 423–427; Naumovich v. Reese, supra, and cases cited; 73 A.L.R.2d 749, "Right of Tort Claimant, Prior to Judgment, To Attack Conveyance or Transfer as Fraudulent." If, however, the unliquidated claim was in existence at the time of the transfer, a subsequent reduction of the claim to final judgment may authorize an attack on the prior transfer as fraudulent. Sikes v. First State Bank of Decatur, 197 S.W. 227 (Tex.Civ. App.), writ ref.; Cole v. Terrell, supra, 9 S.W. at p. 672; 26 Tex.Jur.2d, p. 424.

The affidavit filed in support of appellees' summary judgment shows that the bus in question was owned and operated by Pioneer Bus Company and that the busses were driven by employees of Pioneer. Copies of a contract in letter form were attached thereto dated September 14, 1967, referring to an agreement of purchase dated August 11, 1967, by Rapid Transit Lines, Inc. as purchaser. The letter agreement specifically stated that Rapid Transit did not assume any obligation of Pioneer to pay personal injury or property damage claims which were pending or thereafter made. In the affidavit of John

Hollins there were no facts included upon which liability of appellees could be based. It was, however, stated that there exist a great number of facts to show that appellees are legally liable to the appellants, but no facts were shown or stated which might show such liability.

The purpose of summary judgment is to pierce the pleadings and determine if there are any material issues of fact. A bare legal conclusion on this issue is insufficient. Jacobson v. National Western Life Ins. Co., 403 S.W.2d 528, 531 (Tex.Civ.App.), no writ; Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557. When the appellees showed the facts contained in their affidavit, it was the duty of appellants to controvert them with testimony or statements creating genuine issues of fact. Although appellants' affidavit alleged that judgment should not be granted by the trial court until appellants had had an opportunity fully to explore the circumstances by means of discovery and depositions, no motion for continuance is shown and appellants appeared for the hearing. Appellants thereby waived their position in requesting more time. Chalkley v. Ashley, 392 S.W.2d 752 (Tex.Civ.App.), no writ; Rule 166–A(f), Texas Rules of Civil Procedure. Under the circumstances, the trial court did not abuse its discretion in entering judgment.

We have reviewed each of appellants' points of error and find that they present no error.

The judgment of dismissal of appellees concerning the alleged fraudulent transfers is, under the circumstances, without prejudice in the filing of an action at the proper time if and when appellants' claim against Pioneer is liquidated and mature. We do not pass upon the merits of any such action.

The judgment of the trial court is affirmed.