**Dorothy HOLLINS et vir, Petitioners,**

v.

**RAPID TRANSIT LINES, INC., et al.,**
**Respondents.**

**No. B–1046.**

Supreme Court of Texas.

April 23, 1969.

Briscoe, Dally & Shaffer, Carl E. F. Dally, Houston, for petitioners.

Fulbright, Crooker, Freeman, Bates & Jaworski, Charles M. Haden and Harry L. Tindall, Houston, for respondents.

SMITH, Justice.

On September 26, 1967, this suit was filed by Dorothy Hollins and her husband, John Hollins, against Pioneer Bus Company, Houston City Lines, Inc., and Rapid Transit Lines, Inc., to recover damages allegedly sustained by Mrs. Hollins while riding as a passenger in a bus owned by Pioneer. It was alleged in the original petition that the accident occurred on August 8, 1967, when the bus in which Mrs. Hollins was riding was involved in a collision with another bus owned by Pioneer.

Thereafter, plaintiffs filed their First Amended Original Petition alleging, in addition to their cause of action for damages that after the accident, Pioneer fraudulently conveyed substantially all of its assets to the other defendants, Houston City Lines, Inc., and Rapid Transit Lines, Inc.

The cause of action against Pioneer for damages was severed and is pending in the District Court. Thereafter, the court sustained a motion for summary judgment and dismissed the alleged cause of action charging a fraudulent conveyance of assets of Pioneer. The summary judgment dismissing the cause was granted upon the theory that the plaintiffs, as holders of an unliquidated tort claim for damages, must reduce their claim by judgment to a liquidated amount before seeking to set aside the alleged fraudulent transfer. The motion for summary judgment was accompanied by the affidavit of Stanley H. Gates, Vice President and General Manager of Rapid Transit Lines, Inc. According to the summary judgment proof, the alleged fraudulent transfers of property and equipment occurred on September 15, 1967, pursuant to an agreement dated August 11, 1967. The action of the trial court in granting the motion for summary judgment and dismissing the cause was af-

firmed by the Court of Civil Appeals. 430 S.W.2d 57.

The question squarely presented here is whether or not the plaintiffs may seek to set aside the transfer from Pioneer to Rapid Transit Lines, Inc., as void under the law of fraudulent transfers and conveyances, before reducing their unliquidated tort claim against Pioneer to a liquidated amount. The respondents agree that since the transfer of property did not occur until September 15, 1967, the applicable law is Chapter 24, especially Section 24.02, Vernon's Annotated Texas Business and Commerce Code, effective September 1, 1967, "revising and re-enacting" the prior law (Arts. 3996–3999, V.A.T.S.). Section 24.02 provides:

"Section 24.02. Transfer to Defraud is Void.

(a) A transfer of real or personal property, a suit, a decree, judgment, or execution, or a bond or other writing is void with respect to a creditor, purchaser, or other interested person if the transfer, suit, decree, judgment, execution or bond or other writing was intended to

(1) delay or hinder any creditor, purchaser, or other interested person from obtaining that to which he is, or may become, entitled; or

(2) defraud any creditor, purchaser, or other interested person of that to which he is, or may become, entitled.

(b) The title of a purchaser for value is not void under Subsection (a) of this section unless he purchased with notice of

(1) the intent of his transferor to delay, hinder or defraud; or

(2) the fraud that voided the title of his transferor."

The plaintiffs contend that the respondents had notice when they purchased substantially all the assets of Pioneer that the plaintiffs were creditors of Pioneer in con-

templation of the law of fraudulent transfers and conveyances; therefore, as to the plaintiffs, the transfer should be deemed void. The respondents contend, on the other hand, that the plaintiffs must reduce their claim to a liquidated amount before seeking to set aside the alleged fraudulent transfer. Moreover, the respondents contend that the law of fraudulent transfers and conveyances is not applicable because the transfer was made for an adequate consideration.

Although the Court of Civil Appeals, in affirming the judgment of the trial court, recognized that the plaintiffs were creditors, it then held: "[w]e believe the law is clear that the holders of an unliquidated claim for damages, though creditors eventually entitled to set aside a fraudulent transfer, must reduce their claim by judgment to a liquidated and definite amount before a cause of action exists. * * * Cole v. Terrell, 71 Tex. 549, 9 S.W. 668, 671, 672; Naumovich v. Reese, 247 S.W.2d 417, 420 (Tex.Civ.App.) no writ." A careful examination reveals that the question presented here was not passed upon in either of these cases. Cole v. Terrell, a case decided in 1888, cannot be authority for the above stated proposition, in that the plaintiffs there brought suit to set aside a conveyance as fraudulent, but only *after* judgment had become final in a prior suit for damages against the transferor. The court stated in its summary holding: "(2) that the claimant for damages * * * the claim having been matured into judgment is protected as if a creditor by the statute of frauds." This language certainly does not establish, without more, that had the claim not been matured into judgment there would be no protection for the claimant.

In Naumovich v. Reese, *supra*, the Dallas Court of Civil Appeals held: "[a] temporary injunction will not issue, before final judgment, in favor of a creditor with only an unliquidated demand to restrain a conveyance which, were the debt liquidated, would be one in fraud of creditors." p. 422. *Naumovich* was a separate suit filed in a

different county from the damage suit. Obviously, a suit to enjoin the sale of property involves a multitude of problems which do not have to be considered in a suit to have a conveyance declared void only as to a creditor. These two factually distinguishable cases do not establish a proposition upon which neither directly passes.

■ The exact question presented here has never been decided by this Court. It has been held by this Court that when we are called upon to decide a question of first impression in this state, we may look to other jurisdictions for guidance in reaching our decision on the question. Our research reveals that there exists a conflict of authority in other jurisdictions. Some jurisdictions, if not a majority, have a statute, such as the Uniform Fraudulent Conveyance Act, which specifically defines a creditor as one having any claim, liquidated or unliquidated.

■ We find that some jurisdictions have held that a tort claimant whose injury occurred prior to a conveyance by the person causing the injury may maintain an action to set aside such conveyance as fraudulent, even though he has not obtained a judgment on his claim. See "Right of Tort Claimant, Prior to Judgment to Attack Conveyance or Transfer as Fraudulent," 73 A.L.R.2d 749 (1960). On the other hand, it has been said that in the absence of statutory authorization a creditor must reduce his claim to judgment before attacking a fraudulent conveyance. 37 Am.Jur.2d Fraudulent Conveyances Section 175 (1968). While we are not necessarily compelled to follow either of these conflicting views, we have concluded that the better rule to adopt is that which allows a tort claimant to maintain an action to set aside an alleged fraudulent conveyance regardless of whether or not his claim has been by judgment reduced to a liquidated and definite amount in dollars and cents. See Murphy v. Dantowitz, 142 Conn. 320, 114 A.2d 194 (1955). In *Murphy*, wherein the court upheld the complainant's right to join

one set of defendants, upon whose property complainant was injured, with a corporate defendant, to which certain property of the original defendants was alleged to have been fraudulently conveyed, the Court stated: "Upon common-law principles, however, one who at the time a transfer of property is made has a right to recover damages in tort may avoid the transfer as fraudulent if the transfer is made for the purpose of defeating his right."

Section 24.02, *supra*, indicates that the Legislature did not intend that a creditor must reduce his claim by judgment before bringing an action to declare a conveyance void with respect to him. Section 24.02(a), (1) and (2) reads:

"(a) A transfer * * * is void with respect to a creditor * * * or other interested person if the transfer * * * was intended to

(1) delay or hinder any creditor * * * *or other interested person* from obtaining that to which he is, *or may become, entitled;* or

(2) defraud any creditor * * * *or other interested person* of that to which he is, *or may become, entitled.* [Emphasis added].

We cannot agree with the respondents' further argument that public policy weighs heavily on their side. Although there may be some merit to their argument, we are unable to perceive any crucial policy consideration which dictates that we hold contrary to the holding herein made.

█ The respondents next contend that the summary judgment should be upheld because the respondents gave adequate consideration for the transferred property of Pioneer. We reject the respondents' contention. In the first place, we cannot determine for what consideration the transfer was made, even though denominated "a purchase contract," because the contract is not in the record. Secondly, even if it were shown to have been made for an adequate consideration, the plaintiffs' pleadings raise a fact issue as to whether or not the respondents had notice of the fraudulent intent, if any, of Pioneer. See Section 24.02(b) (1), *supra*.

In view of our disposition of the question passed upon, it becomes unnecessary to consider the question of whether the respondents' motion for summary judgment and affidavit were insufficient to conclusively show the absence of a genuine issue of fact, and the further question of whether the failure to attach the contract between Pioneer and the respondents rendered the motion for summary judgment insufficient.

Since we have held that the Court of Civil Appeals erred in affirming the action of the trial court dismissing the plaintiffs' suit, the judgments of the courts below are reversed and the cause is ordered reinstated on the docket of the 152nd Judicial District Court of Harris County, Texas for further proceedings not inconsistent with this opinion.

WALKER, Justice (concurring).

As I understand the Court's opinion, its only holding is that the trial court erred in dismissing the suit to set aside. I agree with that holding and concur in the judgment entered. It would be well to point out, however, that the Court has *not* held: (1) that the suit to set aside should be *tried* before the plaintiffs have recovered a judgment in their tort action; (2) that the suit to set aside and the tort action should be tried at the same time and before the same jury; (3) that the trial court erred in ordering a severance; or (4) that the suit to set aside cannot be held in abeyance until a judgment has been rendered in the tort action.