**Affirmed and Majority and Concurring Opinions filed June 29, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00505-CV

---

## FERCAN KALKAN, TXMV2017, LLC AND ENKB-MONTICELLO, LLC, Appellants

### V.

## PABLO SALAMANCA, Appellee

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2022-33737**

---

### CONCURRING OPINION

I concur with the court's judgment. I agree that the Supreme Court has previously held that a tort claimant can bring a TUFTA claim prior to judgment in a tort case. *See Hollins v. Rapid Transit Lines, Inc.*, 440 S.W.2d 57 (Tex. 1969) (point of error number 1). The *Hollins* case did not concern a temporary injunction.[1]

---

[1] In fact, the concurring justice specifically noted: "As I understand the Court's opinion, its only holding is that the trial court erred in dismissing the suit to set aside. I agree with that

As to point of error number two—whether there is evidence to support imminent and irreparable harm to Salamanca—the only argument briefed under that point was that Salamanca had an adequate remedy by law through money damages. Salamanca cited a number of cases, from our court, that were not TUFTA cases to support that position. The majority relied on a case from the First Court of Appeals, *Telephone Equipment Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601 (Tex. App.—Houston [1st Dist.] 2002, no pet.), to conclude that an injunction is necessary to prevent action to render a debtor insolvent under TUFTA. I agree that under TUFTA a party is entitled to such an injunction—irrespective of money damages.

Appellants' third point of error is whether there are "sufficient badges of fraud" to support the injunction and I agree with the majority on that point.

The Appellants discussed an opinion from our court, *Mosaic Baybrook One LP v. Cessor*, Nos. 14-19-00514-CV, 2021 WL 2656613 (Tex. App.—Houston [14th Dist.] June 20, 2021, pet. filed) under point of error number one, arguing that we should not follow the opinion in *Mosaic*.

I write separately to address a point—not briefed by the Appellants—in connection with the *Mosaic* opinion. In *Mosaic*, our court held that a party under TUFTA does not have to prove a probable right of recovery on the underlying tort claim prior to obtaining an injunction. *See Mosaic*, 2021 WL 2656613, at *4–5. I disagree with our opinion on this point. This is one of the unbriefed points of error

holding and concur in the judgment entered. It would be well to point out, however, that the Court has Not held: (1) that the suit to set aside should be Tried before the plaintiffs have recovered a judgment in their tort action; (2) that the suit to set aside and the tort action should be tried at the same time and before the same jury; (3) that the trial court erred in ordering a severance; or (4) that the suit to set aside cannot be held in abeyance until a judgment has been rendered in the tort action." *See Hollins v. Rapid Transit Lines, Inc.*, 440 S.W.2d 57, 60 (Tex. 1969) (Walker, J., concurring).

in the pending petition for review.[2] (The *Mosaic* case is a purported class action lawsuit.)

TUFTA defines a claim as a "right to payment or property, whether or not the right is reduced to judgment." *See* Tex. Bus. & Com. Code § 24.002(3). When a TUFTA claim is brought after the judgment the "right to payment or property" is obvious. Even a pre-judgment TUFTA claim that is based on a claim to certain property is obvious. But in a pre-judgment tort claim the only way to prove a "right to payment or property" would be by putting on evidence of a probable right to recover on the underlying tort claim. There was no evidence presented on this point in the trial court. Salamanca was shot by an unidentified person, while working at the apartment complex. There was no evidence presented that Salamanca would prevail on his suit against the apartment complex.

In my opinion, the *Mosaic* case is not correct on this issue. The cases[3] it cites in support of this argument are not similar to the facts of its own case or to the facts

---

[2] There are two petitions associated with *Mosaic*. The Supreme Court has already denied one petition in Cause No. 22-0323, which concerned a TCPA motion. A separate petition remains pending in Cause No. 23-0099, concerning a temporary injunction.

[3] I focus on the following passage from *Mosaic*, 2021 WL 2656613, at *4: "On the other hand, several appellate courts have concluded that an applicant seeking injunctive relief under TUFTA is not required to demonstrate the probable right to relief on the underlying claim. *See Sargeant v. Al Saleh*, 512 S.W.3d 399, 414 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) ("Under the express terms of TUFTA, Al Saleh is a 'creditor' because he 'has a claim....' Under TUFTA, the claim can be equitable and need not be matured or reduced to judgment."); *Blackthorne v. Bellush*, 61 S.W.3d 439, 443–44 (Tex. App.—San Antonio 2001, no pet.) ("Tort claimants, such as the appellees, are entitled to file causes of action under TUFTA based upon pending, unliquidated tort claims."); *see also Rocklon, LLC v. Paris*, No. 09-16-00070-CV, 2016 WL 6110911, at *2-3 (Tex. App.—Beaumont Oct. 20, 2016, no pet.) (mem. op.) (rejecting argument that plaintiff had to "present sufficient competent evidence supporting a probable right to recover on her [underlying wrongful death] claims"); *Williams v. Performance Diesel, Inc.*, No. 14-00-00063-CV, 2002 WL 596414, at *2 (Tex. App.—Houston [14th Dist.] Apr. 18, 2002, no pet.) (mem. op.) (observing that TUFTA defines "claim" broadly as "a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured"). Thus, the relevant inquiry is whether the Tenant Appellees provided sufficient

of this case. In *Sargeant*, the creditor had a judgment in its favor. In *Blackthorne*, the tort wrongful death plaintiffs established that the debtor was convicted of murder. In *Rocklon*, the estate bringing the wrongful death claim established that a debtor had pleaded guilty to intoxicated manslaughter. The TUFTA claim was against an entity alleged to be the alter ego of the debtor—and the estate put on evidence of alter ego. There was no injunction in the *Williams* case, and *Texas Black Iron* was a breach of contract case on the sale of certain property.

Allowing a court to freeze assets via a temporary injunction without any showing of a "right to payment" in the underlying tort case is contrary to the statute and to our rules of injunction. But this point of error was not briefed.

I respectfully concur.


/s/     Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Spain.

---

evidence to show a probable right to relief on their TUFTA claim, not the underlying class-action lawsuits. *See Tex. Black Iron*, 527 S.W.3d at 584."

4